Exhibit "A"

**F I L E D**

**Dec 13, 2022**

**9TH JUDICIAL CIRCUIT
COUNTY OF KALAMAZOO
KALAMAZOO, MICHIGAN**

# STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF KALAMAZOO

**CHEREKA WILLIAMS, an Individual,**

      Plaintiff,                     Case Number:  2022-0464-NO

                                          Honorable Alexander C. Lipsey

vs.

**OLD NAVY, LLC.,** A Foreign Profit Limited
Liability Company,

      Defendant.

---

BRIAN E. MUAWAD (P41209)
LAW OFFICES OF BRIAN E. MUAWAD
Attorney for Plaintiff
22330 Greater Mack Avenue
St. Clair Shores, Michigan 48080
(586) 778-8570; Fax: (586) 778-6633
muawadpcscs@sbcglobal.net

---

## AMENDED COMPLAINT

A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in this Court, where it was given docket number 2022-0465-NO and assigned to Judge Alexander C. Lipsey. The action remains pending.

              ___/s/Brian E. Muawad____
             BRIAN E. MUAWAD (P41209)

NOW COMES the Plaintiff CHEREKA WILLIAMS, by and through her attorney, BRIAN E.

MUAWAD and complaining against the above-named Defendant, states as follows:

## COUNT I - GENERAL AVERMENTS

1.      Plaintiff is a resident of the City of Kalamazoo, County of Kalamazoo, State of

Michigan.

2. Defendant is an entity which regularly conducts business in the County of Kalamazoo and State of Michigan, and/or which is otherwise authorized to do business in the County of Kalamazoo and State of Michigan.

3. The incident complained of herein occurred on Old Navy's premises located at 5294 W. Main Street, Kalamazoon, MI 49 009 in the County of Kalamazoo, State of Michigan on or about May 19, 2021.

4. On the time and date aforesaid, the Plaintiff was a patron of Defendant's store, and was injured inside Defendant's store, for which the responsibility of making sure the isleways are not littered with items in the middle of the walkway free and clear from obsticals or obstructions. Plaintiff was talking in her scooter when she was caused to trip and fall where the condition was unavoidable.

5. On or about said date at said time, the Defendant was the owner, possessor and/or otherwise in control of and/or charged with the care and maintenance of said premises, and on or about said date Old Navy was open to the general public, and the general public was invited on Old Navy's premises to/and including Plaintiff as a patron of Defendant's property . Defendant was also responsible for the maintenance in the area of Plaintiff's fall.

6. When Plaintiff was injured at Old Navy's premises, Plaintiff was without any knowledge of the dangerous and unsafe condition of Old Navy's premises.

7. The amount in controversy herein exceeds the sum of Twenty-Five Thousand Dollars ($25,000).

## COUNT II - NEGLIGENCE OF DEFENDANT G&A CLEANING, INC.

8. Plaintiff realleges and incorporates by reference herein all of the preceding paragraphs as though more fully set forth herein.

2

9.     On said date at said time, a hazardous and dangerous condition existed on the premises of Old Navy, to wit: an obsticle was in the walkway that should have been removed by one of Defedants' employees as the result of the negligence of the Defendant the condition of which was not readily apparent upon casual inspection as a result of, among others, the liquid substance located on the floor on the premises among others, unreasonably dangerous and effectively avoidable, and the encountering of which said condition was unreasonably dangerous and effectively unavoidable.

10.    On or about said date at said time, Defendant its agents, servants, and/or employees owed duties to Plaintiff to maintain Old Navy's premises as a reasonably prudent person would do under same or similar circumstances, and in accordance with the common law in such case made and provided, but violated said duties in at least one or more of the following particulars, so far as it is presently known:

   A.    After knowing of the dangerous and hazardous conditions existing on Old Navy's premises, failed to correct same and/or warn of the dangerous conditions.

   B.    Failed to make reasonable and proper inspections for dangerous and/or hazardous conditions existing on Old Navy's premises.

   C.    Failed to repair and/or correct and/or warn of any hazardous and/or dangerous conditions, of which Old Navy, its agents, servants and/or employees had knowledge, or should have had knowledge, by a reasonable and proper inspection.

   D.    Failed to instruct all of its agents, servants and or employees on the proper care and maintenance of its premises, and/or in the reporting of dangerous and/or hazardous conditions on Old Navy's premises.

   E.    Failed to provide rules, procedures and/or provide for periodic safety inspections for the discovery and/or correction of dangerous and hazardous conditions on Old Navy's premises.

   F.    Failed to provide a safe and suitable place for those who encountered Old Navy's premises to walk safely.

3

G.   Failed to construct Old Navy's premises in a manner suitable and safe under the circumstances.

H.   Failed to obtain and provide the adequate and proper maintenance and inspection of Old Navy's premises so that same would be in a reasonably safe condition for Old Navy's invitees and all others who encountered Old Navy's premises.

I.   Failed to obtain and provide for the adequate and proper maintenance and inspection of Old Navy's premises so that conditions would be readily apparent to invitees upon casual inspection and would be readily apparent to all others who encountered Old Navy's premises.

J.   Failed to observe all the duties of care imposed upon Old Navy's by the statutes of the State of Michigan, Ordinances of the City in which Old Navy's premises are located and the common law in such case made and provided.

K.   Others to be determined as discovery reveals.

11.   Plaintiff sustained personal injuries as a direct and proximate result of Defendant's negligence as alleged herein.

12.   As a direct and proximate result of the negligence of Defendant,  as aforesaid, the injured Plaintiff sustained:

A.   Severe bodily injuries to her back which were painful, disabling and necessitated medical care.

B.   Shock and emotional damage.

C.   Possible aggravation of pre-existing conditions and/or reactivation of dormant conditions;

D.   Inability to attend to the Plaintiff's usual affairs and render services as formerly.

E.   Hamperment in the enjoyment of the normal pursuit of life as before.

F.   Injuries which are permanent to the degree that Plaintiff suffered a loss in ability to earn money as before, and will have impaired earning capacity in the future, continued pain and suffering as well as permanency, all as a result of the negligence as hereinbefore alleged.

G.      Others to be determined as discovery reveals.

13.     As a direct and proximate result of the negligence of Defendant and the resulting injuries to Plaintiff, the Plaintiff did and may continue to incur expenses for hospitals, doctors, x-rays, medicines and other medical supplies and attention.

14.     As a direct and proximate result of the negligence of Defendant as aforesaid, Plaintiff has been compelled to expend and become obligated for large sums of money for medical care and treatment, and in the future, may be required to expend and become obligated for large sums of money for medical care, attention and supplies for treatment and aforesaid injuries sustained. Plaintiff also incurred out of pocket expenses: past, present and future.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant Judgment against the Defendant  and award damages in whatever amount Plaintiff is found to be entitled for compensatory and exemplary damages; and for the penalties and Plaintiff's actual attorney fees, as provided for by statute, plus interest and costs.

Respectfully submitted,

Law Offices of Brian E. Muawad, P.C.

/s/Brian E. Muawad
BRIAN E. MUAWAD (P 41209)
Attorney for Plaintiff

Dated:  December 9, 2022

5